UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENRY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>CHILD PROTECTIVE SERVICES OF BUTTE COUNTY, et al.,<br><br>Defendants. | No. 2:17-cv-01031-KJM-KJN PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff William Henry Price, who proceeds without counsel, commenced this action on May 16, 2017.[1] (ECF No. 1.) Presently pending before the court are defendants' motions to dismiss plaintiff's first amended complaint, and plaintiff's motion to substitute parties. (ECF Nos. 17, 20, 31.) Plaintiff opposed defendants' motions and defendants replied. (ECF Nos. 35-39.) This matter came on for hearing on May 16, 2019, at 10:00 a.m. Plaintiff failed to appear. Gregory P. Einhorn appeared on behalf of defendants Child Protective Services of Butte County and Sharon Stone. Mark A. Habib appeared on behalf of defendant the City of Oroville Police Department.

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

After carefully considering the parties' briefing, the oral argument at the hearing, and the applicable law, the undersigned recommends that defendants' motions to dismiss be GRANTED; plaintiff's first amended complaint be DISMISSED WITH PREJUDICE; and plaintiff's motion to substitute parties be DENIED AS MOOT.

I. BACKGROUND

Plaintiff initiated this matter when he was incarcerated in the Butte County Jail. (ECF No. 1.) Plaintiff was later transferred to Folsom State Prison, and subsequently filed the first amended complaint on February 7, 2018. (ECF Nos. 5, 6.) Thereafter, plaintiff was released from custody, and lists his address in Oroville, California. (See ECF Nos. 7, 21, 39.)

The first amended complaint brings three causes of action pursuant to 42 U.S.C. § 1983 for alleged violations of plaintiff's rights under the Fourteenth Amendment. (See generally, ECF No. 6.) The claims center around events that took place on July 11, 2012, when Child Protective Services allegedly "snatched up" plaintiff's daughter after she was released from the Oroville Hospital "without injuries or any other aggravating reports by the" hospital. (ECF No. 6 at 3.) The Oroville Police Department purportedly facilitated the activities of Child Protective Services. (Id. at 4.) Plaintiff asserts that his daughter was not in any danger and that defendants used "unexplained rules and vague polices," coupled with plaintiff's prior convictions as pretext to take plaintiff's daughter away without due process. (Id. at 5-7.)

Defendants move to dismiss based upon the same argument—that plaintiff's claims are barred by the applicable statute of limitations. (See ECF Nos. 17, 20, 27, 28.)

Plaintiff's opposition in this matter was untimely. (See ECF Nos. 33, 35, 36, 39.) Moreover, plaintiff failed to appear at the hearing, even though plaintiff is no longer incarcerated. Nevertheless, due to plaintiff's pro se status and the court's strong desire to resolve this matter on the merits, the court considers plaintiff's arguments in opposition.

II. LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard

2

of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

III. DISCUSSION

"Parents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." Hardwick v. Cty. of Orange, 844 F.3d 1112, 1116 (9th Cir. 2017). A parent may bring a claim under 42. U.S.C. § 1983 based upon a violation of this right. See Id.

However, such a claim is subject to certain limitations. For claims under 42 U.S.C. § 1983, which "does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts." See Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). The applicable California law establishes a two year statute of limitations for such claims. See Cal. Civ. Proc. Code §335.1.

"Although California law determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*. . . . [U]nder federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky 535 F.3d at 1048 (quoting Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004)) (emphasis in original).

Here, plaintiff's first amended complaint is based upon events that occurred on July 11, 2012, when defendants allegedly took plaintiff's daughter away from plaintiff and his family. (ECF No. 6 at 3.) Yet, plaintiff did not file this action until May 16, 2017, nearly five years after the events in question. (ECF No 1.) The first amended complaint indicates that plaintiff knew that there was no appropriate reason to remove his daughter, when she was taken. Accordingly, plaintiff knew—or at the very least had reason to know—of the injury that is the basis of this action on July 11, 2012, well over two years prior to the date he initiated this case.

////

4

Nevertheless, plaintiff asserts that his complaint in this court is timely because Child Protective Services held his complaint to that agency "over their period of time to answer." (ECF No. 36 at 1.) This argument is unavailing.

Plaintiff was not required to wait for Child Protective Services to answer his administrative complaint prior to filing this action, because there is no administrative exhaustion requirement for the type of claims that plaintiff brings. See Patsy v. Bd. of Regents of State of Fla., 457 U.S. 496, 516,(1982) (concluding that based upon the legislative histories of both the Civil Rights Act and the Civil Rights of Institutionalized Persons Act "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983"). Rather, plaintiff was required to bring his claims within two years of the date that he knew or had reason to know of the injury at issue, which he failed to do. See Lukovsky 535 F.3d at 1048; Cal. Civ. Proc. Code §335.1.

IV. CONCLUSION

Therefore, plaintiff's first amended complaint is subject to dismissal and further leave to amend would be futile, as his claims are clearly time-barred. Allowing plaintiff to substitute parties would not cure this fundamental deficiency.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 17, 20) be GRANTED.
2. Plaintiff's first amended complaint be DISMISSED WITH PREJUDICE.
3. Plaintiff's motion to substitute parties (ECF No. 31) be DENIED AS MOOT.
4. The Clerk of Court be ordered to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. The initial scheduling conference set for June 13, 2019 (ECF No. 16) is VACATED.
2. The Clerk of Court shall serve a copy of this order and findings and recommendations on plaintiff at 1215 Lincoln Street, Oroville, CA 95966, in addition to his current address of record.
3. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to

the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 20, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/Price.01031.F&R MTD